UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JAMES E FLEURY**,<br><br>Debtor. | Case No. **12-61019-7** |
| **CHERYL L PERRY**,<br><br>Plaintiff.<br><br>-vs-<br><br>**JAMES E FLEURY**,<br><br>Defendant. | Adv No. **12-00045** |

# MEMORANDUM of DECISION

At Butte in said District this 5th day of December, 2012.

In this Adversary Proceeding, after due notice, trial was held December 4, 2012, in Butte on Plaintiff's complaint to except $8,800.00 from Debtor/Defendant's discharge pursuant to 11 U.S.C. § 523(a)(15). Plaintiff Cheryl L. Perry ("Perry") was represented at trial by Stefan T. Wall of Helena, Montana and Debtor/Defendant James E. Fleury ("Fleury") appeared *pro se*. Perry testified and Perry's Exhibits 1 and 9, and Fleury's Exhibits D, E, G and J were admitted into evidence. At the conclusion of trial, the Court took the matter under advisement. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

1

FACTS

Perry and Fleury were married for eight years and during their marriage, had two children. Perry and Fleury divorced in May of 2008 and they have a 50/50 parenting plan where each has the two children, who are now ages 9 and 11, two weeks on and two weeks off.

Following approval of the final stipulated parenting plan, Perry filed a motion in the Montana First Judicial District Court, Lewis and Clark County, requesting that Fleury provide Perry "access to Social Security, Medicaid, Medicare, and any other records regarding the parties' children to which [Fleury] controls exclusive access." Exhibit 9.  District Court Judge Jeffrey M. Sherlock explained in the order entered October 15, 2010, that Perry's motion was "not a matter of interpretation of th[e] parenting plan, but [was] a matter of its implementation[,]" and directed Fleury to provide the records to Perry. *Id.*  Thereafter, Perry filed a request for attorney's fees, which Judge Sherlock awarded in the amount of $7,500.00 as a result of the October 15, 2010, order. *See* Exhibits 1 and J.  As explained by Judge Sherlock in an order entered December 13, 2010, the "Decree of Dissolution filed on June 17, 2008 provided: 'Should any action be commenced to enforce, modify or interpret any provision of this Agreement, the Court, as a cost of suit, <u>shall award</u> reasonable attorneys' fees to the successful party.'" Exhibit J (emphasis in original).

After awarding Perry fees in the amount of $7,500.00, Judge Sherlock issued a Rule 11 Sanctions Order on October 7, 2011.  Exhibit D.  As set forth in Exhibit D, Judge Sherlock awarded Perry's attorney "fees in the amount of $1,300.00 . . . for the preparation of the brief and response filed on August 25, 2011 in response to [Fleury]'s August 15, 2011 Motion to dismiss the Notice of Entry of Judgment and as reflected in this Court's October 7, 2011 Order awarding

fees."

In her Complaint, Perry seeks to except from Fleury's discharge the fees of $7,500.00 awarded in Judge Sherlock's July 19, 2011, order and the fees of $1,300.00 awarded to Perry's attorney in Judge Sherlock's March 5, 2012, order. Fleury counters that he believes the issue in this Adversary Proceeding is whether he owes the $8,800.00 to Perry or to her attorney's law firm, McMahon, Wall and Hubley, PLLC. In his Schedule F filed June 24, 2012, Fleury lists an obligation of $8,800.00 owed to McMahon, Wall and Hubley, PLLC. Fleury does not list an obligation owing to Perry.

## APPLICABLE LAW and DISCUSSION

Two provisions of the Bankruptcy Code, when read together, make almost all orders arising from a dissolution proceeding non-dischargeable in a Chapter 7 bankruptcy. First, "domestic support obligations," as that term is defined at 11 U.S.C. § 101(14A), are non-dischargeable under 11 U.S.C. § 523(a)(5). Second, 11 U.S.C. § 523(a)(15) excepts from discharge obligations owed "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . ."

On July 19, 2011, Judge Sherlock awarded Perry her attorney fees and costs of $7,500.00 and on March 5, 2012, awarded Perry's counsel, McMahon, Wall and Hubley, PLLC, fees in the amount of $1,300.00. Both fee awards were entered as a result of Perry's efforts to enforce the terms of the parties' June 17, 2008, Decree of Dissolution. In other words, the fees were incurred by Perry in connection with a divorce decree and fall under the exception to discharge found at §

3

523(a)(15).

Fleury counters that the real issue in this Adversary Proceeding is who is owed the attorney's fees. Judge Sherlock's orders are clear. Fleury owes $7,500.00 in fees and costs to Perry and $1,300.00 to McMahon, Wall and Hubley, PLLC. The fact that Fleury owes $1,300.00 of the fees to Perry's attorney does not impact the dischargeability of such fees, because direct payments to a third party, such as an attorney, may be deemed to be an obligation to the former spouse where it would elevate form over substance to fail to treat it as such. *In re Leibowitz,* 217 F.3d 799, 803 (9th Cir. 2000), quoting *In re Chang*, 163 F.3d 1138, 1141-42 (9th Cir.1998) ("We have held that a debt to third parties 'on behalf of a child or former spouse can be as much for ... support as payments made directly [to the former spouse or child].'")

For the reasons discussed above,

IT IS ORDERED that a separate judgment shall be entered in favor of the Plaintiff, Cheryl L. Perry, and against the Defendant, James E. Fleury; and the sum of $8,800.00 is excepted from Debtor's discharge pursuant to 11 U.S.C. § 523(a)(15).

BY THE COURT

_____
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana